IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

BRANDY FINCH,

      Plaintiff,

v.                                          Case No.: 4:13-cv-00493

SHREE LAKSHMI CORP.,

      Defendant.

_____/

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, BRANDY FINCH, by and through her undersigned counsel, and sues the Defendant, SHREE LAKSHMI CORP. and in support thereof states as follows:

1.      Plaintiff brings this action for unpaid overtime and minimum wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

2.      Plaintiff is an individual residing in Collin County, Texas.

3.      Defendant is a corporation formed and existing under the laws of the State of Oklahoma, is authorized to conduct business in the State of Texas, and maintains and operates an office in Collin County, Texas.

4.      Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b).  At all times pertinent to this complaint, Defendant was an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).  Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendant's business.

5.      Venue is proper in this district under 28 U.S.C. § 1391.

6. The Plaintiff worked for Defendant from January 2013 through April 2013 as a front desk clerk.

7. During one or more weeks of Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours (overtime hours).

8. During the weeks that Plaintiff worked overtime hours, the Defendant intentionally failed to pay Plaintiff one and one-half times her regular rate of pay for each overtime time hour worked.

9. During one or more weeks of Plaintiff's employment with Defendant, Plaintiff did not receive the applicable federal minimum wage for all hours worked during the week.

## COUNT I—OVERTIME

10. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 8 above.

11. The acts described in the preceding paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.  Defendant willfully violated Plaintiff's rights under the FLSA.

12. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

13. Section 216(b) of the FLSA provides that any employer who violates the statute shall be liable for unpaid overtime pay and an additional equal amount as liquidated damages. Therefore, Plaintiff seeks an award of liquidated damages in an equal amount as the amount of unpaid overtime pay.

14. Plaintiff also seeks compensation of the out of pocket expenses and costs of court she will have incurred in this action. Plaintiff is also entitled to reasonable and necessary attorneys fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendant be cited to appear;

2. The Court award damages to Plaintiff as specified above;

3. The Court award reasonable and necessary attorneys' and expert fees and costs;

4. The Court award Plaintiff pre-and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## COUNT II---MINIMUM WAGE

15. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 6 and 9 above.

16. The acts described in the preceding paragraphs violate the Fair Labor Standards Act, which prohibits the denial of minimum wage compensation for all hours worked in a workweek. Defendant willfully violated Plaintiff's right to minimum wage compensation under the FLSA.

17. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of unpaid minimum wages which were not paid and which should have been paid.

18.     Plaintiff also seeks compensation of the out-of-pocket expenses and costs of court she will have incurred in this action.  Plaintiff is also entitled to reasonable and necessary attorneys fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.  The Court assume jurisdiction of this cause and that Defendant be cited to appear;

2.  The Court award damages to Plaintiff as specified;

3.  The Court award reasonable and necessary attorneys' and expert fees and costs;

4.  The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.


Respectfully submitted this 26th day of August 2013.

ROSS LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile


_____
CHARLES L. SCALISE
Texas Bar No. 24064621

DANIEL B. ROSS
Texas Bar No. 00789810


**ATTORNEYS FOR PLAINTIFF**